Pearson, J.
 

 The plaintiffs allege that one Archibald Parker-was indebted to their testator in a large amount — -that the debt was contracted in 1829, and in 1841, a note was executed to secure
 
 it;
 
 that in 1839, 1840 and 1841, Archibald Parker made deeds of gift to the defendants, his son and his two sons-in-law, for several slaves, with intent to avoid the payment of his debts. In 1847 Parker died, and soon after his death the plaintiff sued his administrator, and recovered judgment for $2,327 for his debt, and $653 for his damages
 
 ;
 
 and inasmuch as it was found by the jury that the administrator had assets to the value of $361, and of no further value, it was considered by the Court that the plaintiff should have execution for said sum of $361, which amount has been paid to him, leaving the balance of the debt unpaid*
 
 *172
 
 The prayer is to subject the slaves in the hands of the defendants, as fraudulent donees, to the payment of the debt.
 

 The defendants, Moye and Parker, have arranged the matter so far as they are concerned, and a decree is asked against Albrit-ton. He does not admit the alleged debt; admits that Parker made him deeds of gift for three slaves, but avers that the gifts were not made with an intent to defraud creditors, and that at the date of the gifts, Parker retained property sufficient to pay all of the debts he then owed ; and relies on the Statute of Limitations and the lapse of time.
 

 The evidence shows that Parker, at the time he made the deeds of gift, was very much in debt; and it is left doubtful whether he retained property sufficient to pay all of the debts which he then owed, unless a claim which he was prosecuting for a number of slaves be taken into the account. He succeeded in establishing his claim in 1844-, and was then able to pay all of his debts.
 

 If it was unnecessary to decide this case upon the facts, a very interesting question would be presented, by the fact of the debt- or’s subsequent ability to pay. But there is a fatal objection to the bill, and we are relieved from an investigation of the facts.
 

 Assuming the gifts to have been fraudulent, the plaintiff had a plain remedy at law by action of debt against the defendant as executor. For, although there be a rightful administrator, yet as to him the gift is valid, and he cannot be charged by reason thereof with the value as assets. Hence
 
 ex
 
 necessitate, the creditor has a right to treat the donee as executor, and to charge him with the value as assets, upon the ground that he
 
 intermeddled
 
 with property, which, as to creditors, continued to be the property of the deceased debtor. If the plaintiff had brought his action at law, there would have been no occasion for his coming into this Court.
 

 But admit that notwithstanding the plaintiff had this plain and adequate remedy at law, he may, according to the cases, on the ground of seeking a discovery, or the necessity for an account, or upon the idea of his right to follow the fund, maintain a bill, yet he must do so according to the course of a Court of Equity. Passing by the objection that the personal representative of
 
 the
 
 
 *173
 
 debtor is not made a party,
 
 in that character,
 
 and the donee it would seem has a right to insist that he should be made a party, for as the donee is only secondarily liable and may contest the-question of assets, the personal representative should be before the Court, so as to be bound by the decree.
 
 Dozier
 
 v. Dozier, 1 Dev. & Bat. Eq. 96.
 

 Passing also by the objection that there is no allegation that the debtor left no real estate out of which the plaintiff’s debt could be satisfied, and it would seem that this was a necessary allegation, for the donee who takes from the debtor in his lifetime by a gift valid between the parties, can only be reached in Equity, after it is shown that the donor left no estate, either reai'or personal, out of which the creditor could have his debt satisfied. We put our decision upon the ground that the plaintiff has failed to establish his debt. Before a creditor can come into a Court of Equity on the mere relation of creditor and debtor, he must establish his debt by a judgment at law ; for debt or no debt, is a pure question of law.
 
 Rambaut
 
 v.
 
 Mayfield,
 
 1 Hawks, 85.
 
 McKay
 
 v. Williams, 1 Dev. & Bat. Eq. 398.
 
 Brown
 
 v.
 
 Long,
 
 1 Ire. Eq. 192. The only proof of the debt is what the plaintiff calls his judgment against the administrator. So far as there were assets, the administrator was bound and the judgment was conclusive, and has been satisfied ; but beyond the amount of assets, the plaintiff has no judgment even against the administrator, and it would be strange indeed, if a third person is bound by that which is no judgment. For as to the excess of the debt over and above the assets, ($361,) there was judgment in favor of the administrator, that he “ go without day.” He had no further interest in the question, and so far as he was concerned, (he plaintiff was at liberty to say his debt amounted to $100,000, or any other large sum. But he cannot, in any point of view, be considered as having represented the defendant. The gift was valid as between the parties, and as between the defendant and the administrator of the donor. So the defendant has a right paramount to that of the administrator, and it is idle to say that a proceeding which was in effect a judgment
 
 in favor
 
 of the administrator, should have the effect of a judgment against the donee who holds above him, and who was not a party to the proceeding,
 
 *174
 
 and who had no oportunity of contesting the naatter in any way.
 

 If the plaintiff had taken judgment against the debtor in his lifetime, that would have been
 
 prima facie
 
 evidence of the debt as against the donee, subject to the reply
 
 per fraudan ;
 
 for then 'the creditor takes j udgment against a person directly interested in the whole question, and who was the only person that the creditor could sue. The distinction is obvious. Here, the creditor has no judgment, (the judgment was in favor of the administrator ;) the administrator was not at all interested in the question beyond the amount of assets, and the creditor has another person against whom he can bring his action for the purpose of establishing his debt.
 

 If the heir be bound by specialty, a proceeding against the administrator does not at common law bind him, for he has had no opportunity of being heard, and there is no community of interest between him and the personal representative. So, for no purpose, can he be said to represent the heir. It is true, under our statute, a judgment against the personal representative fixes the debt so as to bind the heir, and upon a
 
 scire facias
 
 he has only a right to make up a collateral issue in regard to the assets. This
 
 effect
 
 however is
 
 by force of the statute,
 
 and furnishes no ground for the position that a proceeding in which there is judgment in favor of the personal representative, that he “go without day and recover his costs,” (such is the judgment when the plea of
 
 plene administravit
 
 is fully sustained,) is evidence of the debt as against one who is alleged to hold property under a gift void as to creditors, but valid as against the donor and his representatives.
 

 We presume that the counsel was misled by a supposed analogy. But what analogy can there be, between the case of an heir who takes
 
 after
 
 the death of his ancestor, and is by
 
 statute
 
 bound by a judgment agaipst the personal representative, fixing the debt, and that of a donee, who takes
 
 before
 
 the death of a donor, and in regard to whom there is no statute by which a judgment against the personal representative is to be evidence against him? The case of
 
 Dozier
 
 v.
 
 Dozier,
 
 cited above, which was well argued on both sides, and fully considered, sustains our conclusion
 
 ;
 
 'although that case was made to turn on the necessity of making the administrator of the debtor a party.
 

 
 *175
 
 It is said by Mr. Moore that, but for the difficulty as to the want of a party, the Court in
 
 Dozier
 
 v.
 
 Dozier,
 
 inclined to the opinion that a judgment at law fixing the debt was not absolutely indispensable. The Court in that case announces broadly the general rule, that there must be a judgment at law. But in that case, inasmuch as the plaintiff had no cause of action at law against the administrator of his co-executor, for having wasted the assets, and he could only have a decree in Equity, an exception is made, thus proving the general rule. And the exception is, that if the claim is one which can only be established in a Court of Equity, then of coursé there need not be a judgment at law..
 

 Mr. Moore also cited the case of
 
 Peeples
 
 v.
 
 Tatum,
 
 1 Ire. Eq. 414. That case fully sustains our conclusion ; although it must bé admitted the learned Judge who delivers the opinion, did not advert to the distinction taken to a judgment against the debtor in his lifetime, and a proceeding against an administrator in which there is judgment in favor of the administrator for the want of assets.
 

 The Statute of Limitations has no bearing on the case. But it is worthy of consideration, how far the Act of 1826, which brings down the time of presuming payment of a specialty debt, or the abandonment of an equity of redemption, or any other equitable interest or claim from twenty to ten years, ought to be allowed to affect cases like the present one. If a creditor, knowing that his debtor has made a deed of gift and put property out of his possession into that of the donee, will sleep upon his rights for more than ten years, there may be some ground for the position that public policy requires that the donee, and those claiming under him, and
 
 those who have been dealing
 
 and giving credit to him, as the owner of property which, during all that time he has had in possession as the
 
 ostensible
 
 owner, should not be disturbed by a creditor of the donor who has been guilty of such gross neg-' ligence. The question concerns not the donee alone, but his creditors, those who may have trusted him on the faith of this property.
 

 Pee. Cueiam, Bill dismissed with costs.